IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III,<br>f/k/a George Cleveland, III, #357770,<br><br>Plaintiff,<br><br>vs.<br><br>Kathryn J. Walsh,<br><br>Defendant. | Case No.: 8:25-cv-01250-JD-TER<br><br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of *pro se* Plaintiff George Cleveland, III, f/k/a George Cleveland, III, #357770, ("Plaintiff" or "Cleveland") pleadings.[1]

A. Background

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff brings this action under § 1983, challenging Defendant Kathryn J. Walsh ("Walsh" or "Defendant"), a South Carolina Department of Social Services ("DSS") trial attorney's authority "to use out of state depositions under Rule 28 (a) South Carolina Rules of Civil Procedures." (DE 1 at 2) (underlining in original.) There is a separate abuse and neglect case against Cleveland in Anderson County Family Court. (DE 1 at 4.) Plaintiff alleges an out of state deposition is scheduled for Dr. Jaworski on March 18, 2025. (DE 1 at 7.) Plaintiff requests an Injunction Preliminarily and Permanently enjoining Walsh, any other DSS employee, contractor, contract attorney, or volunteer attorney from conducting any out of state depositions on MRO scheduled for March 17, 2025, or any other date. (DE 1 at 1.) Plaintiff's allegations are directly related to the abuse and neglect case pending in Anderson County between Cleveland and DSS.

### B. Report and Recommendation

On March 6, 2025, the Magistrate Judge issued a Report recommending dismissal of the Complaint without prejudice and without issuance and service of process because "[t]he doctrine of Rooker-Feldman applies where the relief requested would require a declaration that the state court orders were invalid or improper." (DE 9) (citations omitted.) *See also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court.") Further, the Report

2

noted, "Plaintiff may bring the issue of depositions in the state court action before the state court," and "state statute provides immunity for DSS employees from civil or criminal liability performing child protective or child welfare related functions. S.C. Code Ann. § 63-7-400." (*Id.* at 3.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff raises multiple objections to the Report, but the Court discerns two principal grounds for review. First, Plaintiff objects to the Report's application of the *Rooker-Feldman* doctrine, asserting that the doctrine is inapplicable because (1) "South Carolina law does not give a Family Court Judge jurisdiction to declare a state court rule or statute unconstitutional," (2) his federal claims were not presented to

3

any South Carolina Family Court, and (3) no Family Court has issued an order connected to the interstate deposition or procedural due process claims. (DE 12 at 3.) He further contends that *Rooker-Feldman* only applies when a party seeks redress for an injury directly caused by a Family Court decision. (*Id.* at 4.)

The Court disagrees. The Report correctly relies on *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006), which explains that a federal claim is barred where a plaintiff seeks redress for injuries "inextricably intertwined" with a state court decision. Cleveland's federal claims arise directly from the ongoing abuse and neglect proceedings in Anderson County Family Court and from actions taken therein. Though Plaintiff attempts to characterize his claims as procedural and constitutional in nature, they are, in substance, a challenge to the validity of the state court's actions. The Report accurately identifies this jurisdictional bar under *Rooker-Feldman*, and Plaintiff's objection fails to meaningfully address the "inextricably intertwined" nexus. Accordingly, the objection is overruled.

Cleveland also objects to the Report's reliance on *S.C. Dep't of Soc. Servs. v. Obregon-Mejia*, No. 8:17-cv-2659-TMC-JDA, 2018 WL 627892, at *8 (D.S.C. Jan. 10, 2018), arguing that it is inapplicable because it involved a termination of parental rights action removed to federal court. (DE 12 at 4.) However, the Report does not cite *Obregon-Mejia* for its procedural posture, but rather to illustrate that federal due process claims may be barred when they functionally seek to relitigate underlying state DSS abuse proceedings. *See id.* at *8. Plaintiff's attempt to distinguish the case

4

does not undermine its relevance to the present matter. Therefore, Cleveland's objection is overruled.

Next, Cleveland contends that dismissing his Complaint would conflict with *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), on the ground that he challenges the constitutionality of South Carolina Rule 28(a), which authorizes interstate depositions, rather than any injury caused by the state court proceedings. (DE 12 at 7.) However, Plaintiff again fails to address the interrelatedness between his federal challenge and the state court litigation. The substance of the Complaint—seeking to enjoin a deposition ordered in the context of the state family court matter—demonstrates that the alleged injury arises from the operation of those state proceedings. The Court finds that this argument, too, falls squarely within the jurisdictional bar established by *Rooker-Feldman*. Accordingly, the objection is without merit and overruled.

Finally, Plaintiff challenges the Report's conclusion that Defendant Walsh is entitled to immunity under S.C. Code Ann. § 63-7-400. (DE 12 at 11.) Plaintiff cites the Supremacy Clause and asserts, in a conclusory manner, that federal law must prevail where there is a conflict between state and federal law. However, Plaintiff identifies no actual conflict between federal law and the South Carolina statute affording immunity to DSS employees engaged in child welfare functions. The Report properly concludes that the statute confers immunity on Defendant Walsh in connection with the actions challenged in this case. As no genuine Supremacy Clause issue is implicated on the facts presented, this objection is likewise overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice and without issuance and service of process. All pending motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 16, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.